IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Anthony Wayne Sheppard,<br><br>     Plaintiff,<br>  vs.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security Administration,<br>     Defendant. | Civil Action No. 4:17-cv-724-CMC<br><br>**OPINION AND ORDER** |

  Through this action, Plaintiff seeks judicial review of the decision of the Administrative Law Judge ("ALJ") denying Plaintiff's application for disability insurance benefits and supplemental security income. ECF No. 1. The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(b)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

  The Report, filed March 17, 2017, recommends Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process to allow Plaintiff to pursue administrative remedies by filing a request for appeal with the Appeals Council. ECF No. 10. On March 28, 2017, Plaintiff filed objections to the Report. ECF No. 12.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  The court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends dismissal of the Complaint because Plaintiff has failed to demonstrate he has sought Appeals Council Review of the ALJ's decision.  Plaintiff objects to the Report, noting he has sent appeals to the District Court, the U.S. Appeals Court, the U.S. Supreme Court, and the Appeals Council.  If Plaintiff has timely filed an appeal with the Social Security Appeals Council, through the process laid out in the letter accompanying the ALJ's denial of his application, then Plaintiff has initiated the proper administrative review of the ALJ's decision.[1]  The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  A federal district court does not have jurisdiction to review a decision by the Commissioner until it is a final decision, and if it is under review by the Appeals Council, it is not yet final.[2]  If the Appeals Council issues an unfavorable decision, Plaintiff may re-file his Complaint in the District Court.

---

[1] If Plaintiff has not yet filed an appeal with the Appeals Council through the process laid out in the letter, that is the proper channel for administrative review of an ALJ's decision.

[2] As the cover letter of the denial states, without Appeals Council review, there is no right to Federal Court review.

2

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and dismisses the Complaint without prejudice and without issuance and service of process so that Plaintiff may pursue administrative remedies.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 29, 2017